IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

ZAMIYAH M. EVANS, a minor, by her mother
and next friend, LACHINGA EVANS, and
LACHINGA EVANS, individually,

    Plaintiffs,

v.                                                                                       Civil Case No. _____

SEAWORLD PARKS & ENTERTAINMENT LLC,
d/b/a BUSCH GARDENS WILLIAMSBURG,

    Defendant.

## COMPLAINT

COME NOW the Plaintiffs, ZAMIYAH M. EVANS, a minor, by her mother and next friend, LACHINGA EVANS, and LACHINGA EVANS, individually, by counsel, and as and for their Complaint against the Defendant, SEAWORLD PARKS & ENTERTAINMENT LLC, d/b/a Busch Gardens Williamsburg, state as follows:

### Jurisdiction

1. This is a diversity of citizenship tort action within the meaning of 28 U.S.C. §1332.

### The Parties

2. At all relevant times herein, the Plaintiffs have been citizens of the Commonwealth of Virginia and living in the City of Newport News.

3. At all relevant times herein, the Defendant was and is a limited liability company, organized and existing under the laws of the State of Delaware and doing business in the Commonwealth of Virginia, specifically in Williamsburg/James City County.

4. At all times relevant herein, the Defendant was in the business of operating Busch

Gardens Williamsburg, an amusement and entertainment park open to the public upon payment of an entrance fee.

## Venue

5.      The venue of the Court is proper pursuant to 28 U.S.C. §1391(b)(2) as the incident giving rise to this cause of action occurred in Williamsburg/James City County, Virginia.

## Facts and Liability

6.      On or about the 31st day of October, 2023, the minor Plaintiff, 13-years-old at the time, was a business invitee lawfully upon the premises of Busch Gardens Williamsburg, which premises is owned and operated by the Defendant as aforesaid.

7.      On this date, Busch Gardens was hosting an event advertised to the public as Howl-O-Scream, a Halloween-themed event taking place throughout the park featuring various thrills and attractions consistent with the Halloween season.

8.      One aspect of the Howl-O-Scream event was the presence of an agent and/or employee of the Defendant dressed in festive attire and wielding a chainsaw, purportedly gas powered, the supposed purpose of which was to scare and frighten business invitees in keeping with the theme of the Halloween-inspired event.

9.      In the course of wielding the chainsaw, the Defendant's agent and/or employee approached the minor Plaintiff in an apparent effort to scare her and, in doing so, struck her hand with the bar of the chainsaw while the chainsaw was under gas power and throttle and struck her left hand causing injury and permanent scarring.

10.      At the time, the chainsaw was under the exclusive possession and control of the Defendant's agent and/or employee.

11. The Defendant owed a duty of care to all invitees, including the minor Plaintiff, to keep its premises free from dangerous conditions which it knew or should have known existed.

12. The Defendant owed a duty of care to all invitees, including the minor Plaintiff, to operate and conduct all events and attractions, including the use of a chainsaw wielded by an agent and/or employee, in a safe, proper and reasonable manner using ordinary care.

13. The Defendant knew or should have known of the dangerous condition created by a gas-powered chainsaw in the hands of an agent and/or employee that was being utilized for the purpose of frightening and scaring invitees, including the minor Plaintiff, and knew or should have known such an instrument was likely to cause harm or injury to invitees if reasonable care was not used.

14. The Defendant's agent and/or employee was negligent in that he failed to perform his duties, to-wit: the use of the chainsaw to scare and frighten invitees, including the Plaintiff, in a safe, proper and reasonable manner and failed to use ordinary care in doing so.

15. The Defendant's agent and/or employee was negligent in failing to use reasonable care to prevent the chainsaw bar from striking the minor Plaintiff, which he knew or should have known would cause injury if it was allowed to strike the minor Plaintiff.

16. The Defendant is vicariously liable for the negligent acts of its agent and/or employee committed in the course and scope of his agency and/or employment as set forth herein.

17. The negligence on the part of the Defendant constituted a proximate cause of the incident, damages and injuries suffered by the infant Plaintiff.

18. As a direct and proximate result of the Defendant's negligence, as aforesaid, the minor Plaintiff was caused to sustain serious and permanent injuries; has been prevented from

transacting her normal affairs and duties; has suffered and will continue to suffer great pain of body and mind and inconvenience; has sustained permanent disfigurement and deformity; and will in the future incur hospital, doctors' and related expenses in an effort to treat her injuries.

19. As a direct and proximate result of the Defendant's negligence, as aforesaid, Plaintiff LaChinga Evans has incurred and will incur in the future hospital, doctors' and related expenses in an effort to treat the minor Plaintiff's injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendant in the sum of TWO MILLION DOLLARS ($2,000,000.00) and their costs in this behalf expended, all with prejudgment interest from October 31, 2023, and post-judgment interest as allowed by law.

**TRIAL BY JURY IS HEREBY DEMANDED.**

ZAMIYAH M. EVANS, a minor, by her mother and next friend, LACHINGA EVANS, and LACHINGA EVANS, individually

Keith J. Leonard, Esquire
VSB No. 65668
A. Katey Green, Esquire
VSB No. 96996
Huffman & Huffman, Brothers-in-Law, P.L.L.C.
12284 Warwick Boulevard, Suite 2A
Newport News, VA 23606
Tel: 757-599-6050
Fax: 757-591-2784
kleonard@huffmanhuffman.com
kgreen@huffmanhuffman.com
Counsel for the Plaintiff